**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Wakee Felder, | ) | |
| | ) | Case No.  2019 C 06570 |
| Plaintiff, | ) | |
| | ) | Judge:  Martha M. Pacold |
| v. | ) | |
| | ) | Magistrate Judge: Jeffrey T. Gilbert |
| City of Chicago Police Department, | ) | |
| Det. Michael D'ambrosia, Star#20874, | ) | |
| Officer Mallneix, Star#396, | ) | |
| Officer Coyle, Star #8021, | ) | |
| Officer Balles, Star#17137 | ) | |
| | ) | |
| Defendant(s) | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant Officers Coyle, Balles, and Lieutenant Mullenix[1] (hereinafter referred to as "Defendants")[2], by one of their attorneys, Maria E. Magginas, Assistant Corporation Counsel, for their Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand, hereby state as follows:

## STATEMENT OF CLAIM

1.       On January 12, 2018, I was sitting in my home located at 6007 S. Michigan, not doing anything unusual, when I was illegally arrested in my home without a warrant on an investigative alert.

**ANSWER**: Defendant Officers Coyle and Balles admit that on January 12, 2018, Plaintiff was

located at 6007 S. Michigan, admit that there was no warrant for Plaintiff's arrest, and admit

Officers Coyle and Balles arrested Plaintiff pursuant to an investigative alert with probable

---

[1] The correct spelling of Defendant Mallneix's name is Lieutenant Mullenix.
[2] Plaintiff originally brought suit, in addition to the Defendants, against the Chicago Police Department and Detective Michael D'Ambrosia. (ECF No. 9). However, this Court upon review of Plaintiff's Complaint dismissed the Chicago Police Department as it is not a suable entity, and dismissed Detective D'Ambrosia as Plaintiff failed to state a claim against him. (ECF No. 8.)

cause. Upon information and belief, Defendant Mullinex admits that on January 12, 2018, Plaintiff was located at 6007 S. Michigan, admit that there was no warrant for Plaintiff's arrest, and admit Officers Coyle and Balles arrested Plaintiff pursuant to an investigative alert with probable cause. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was sitting in his home not doing anything unusual. Defendants deny Plaintiff was illegally arrested and further deny any allegations of wrongdoing or other misconduct.

2.      Detective Michael D'ambrosia put out for me advising Officer Coyle, Star#8021 and Officer Balles Star No #17137 that I am wanted for question about an incident that occurred on June 26, 2017, and that there is probable cause.

**ANSWER**: Defendants admit that Detective D'Ambrosia issued an investigative alert with probable cause for the arrest of Plaintiff, but deny the remaining allegations contained in this paragraph.

3.      Supervisor Mullneix, Star#396 approved to arrest me.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

4.       Nothing was ever presented in proper form ("a sworn affidavit") to the appropriate person (a neutral magistrate).

**ANSWER**: Defendants admit there was no warrant for Plaintiff's January 12, 2018 arrest, but as "nothing was ever presented in proper form," is vague and ambiguous, deny the remaining allegations in this paragraph and further deny any allegations of wrongdoing or other misconduct.

5.      Before my arrest was made in my home all of these officers took it upon themselves to violate my Illinois Constitutional rights.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

6.      These officers also failed to follow Illinois Statutory procedural protocols and due process of law.

2

**ANSWER**: Defendants deny the allegations contained in this paragraph.

7.      They did not ensure that the deliberate and impartial judgment of a judicial officer should've been interposed between me (a civilian) and the police as to assess the weight and credibility of the information which Michael D'ambrosia, Star No. 20874, Supervisor Det. Mallenix, Star No. 396, Officer Coyle, Star#8021 and Officer Balles, Star No. 17137, adduce as probable cause to arrest me 7 months later, in my home without a warrant.

**ANSWER**: Defendants admit there was no warrant for Plaintiff's January 12, 2018 arrest, but

deny Plaintiff has fully and accurately stated the events of June 26, 2017 and January 12, 2018,

and therefore deny the remaining allegations in this paragraph. Defendants further deny any

allegations of wrongdoing or other misconduct.

8.      The City of Chicago police department failed to inform officers about Illinois procedural protocols and due process of law.  They also did not properly inform officers that the law is clear that questioning an individual is limited to a reasonable period of time, and that the detention is to occur at the scene of the stop.

**ANSWER**: Defendants deny Plaintiff has accurately and/or fully stated Illinois or Federal Law

and further deny the allegations contained in this paragraph.

9.      Detective Michael D'ambrosia, Star No. 20874, took it upon himself to issue a investigative alert with probable cause to arrest me without ever providing the information giving to him to a magistrate for a predetermination of probable cause to arrest me 7 months later in my home.

**ANSWER**: Defendants admit there was no warrant for Plaintiff's January 12, 2018 arrest, and

further admit that an investigative alert with probable cause was issued for Plaintiff by Detective

Michael D'Ambrosia, but lack knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph. Answering further, Defendants deny any

allegations of wrongdoing or other misconduct.

10.      Officer Mallenix, Star No. 396, which is the approving supervisor of probable cause did not inform Officer Coyle, Star No. 8021, and Officer Balles, Star #19137 that a warrant had not been issued for my arrest.   These officers granted them self unbrided power to break into my building, enter into my home and arrest me without the benefit of an arrest warrant authorizing officers to arrest me.

**ANSWER**: Defendants admit that Defendant Mullinex approved the probable cause as summarized in Plaintiff's arrest report for Plaintiff's January 12, 2018 arrest and further admit that Defendant Mullenix did not inform Officers Coyle or Balles that a warrant had not been issued for Plaintiff's arrest, but deny Plaintiff has fully and/or accurately stated the events surrounding his January 12, 2018 arrest, deny the remaining allegations contained in this paragraph and further deny any allegations of wrongdoing or other misconduct.

11.    I was deprived of my liberty in took off my property without due process of law.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

12.    I now sue the City of Chicago in it's official capacity because they hire and control the outlet of the City Police Dept. Area South – 007 District.

**ANSWER:**    Pursuant to this Court's April 27, 2020 order (ECF No. 8), the City of Chicago Police Department was dismissed as a defendant in this matter. Defendants deny that Plaintiff sued the City of Chicago.

13.    I sue Det. M. D'Ambrosia of the area south detectives in his individual capacity and his official capacity for the violation of my 4th and 14th Amendment rights.

**ANSWER:**    Pursuant to this Court's April 27, 2020 order (ECF No. 8) Detective Michael D'Ambrosia was dismissed as a defendant in this matter and therefore make no answer to this paragraph 13.

14.    I sue police officer Mallneix in his official capacity and his individual capacity for the violation of my 4th and 14th amendment.

**ANSWER:**    Defendants admit that Plaintiff purports to sue Lieutenant Mullenix in his official and individual capacity, but deny any violation of Plaintiff's constitutional rights and further deny any allegations of wrongdoing or other misconduct.

15.    I sue officer Coyle in his official capacity and his individual capacity for the violation of my 4th and 14th amendment.

**ANSWER:** Defendants admit that Plaintiff purports to sue Officer Coyle in his individual capacity, but deny any violation of Plaintiff's constitutional rights and further deny any allegations of wrongdoing or other misconduct. Pursuant to this Court's April 27, 2020 order (ECF No. 8), Plaintiff cannot proceed against Officer Coyle in his official capacity.

16.    I sue officer Balles in his official capacity and his individual capacity for the violation of my 4th and 14th amendment.

**ANSWER:** Defendants admit that Plaintiff purports to sue Officer Balles in his individual capacity, but deny any violation of Plaintiff's constitutional rights and further deny any allegations of wrongdoing or other misconduct. Pursuant to this Court's April 27, 2020 order (ECF No. 8), Plaintiff cannot proceed against Officer Balles in his official capacity.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6) for any violation of his 14th Amendment Rights.

2.    Plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6) for supervisor liability against Lieutenant Mullenix. In order to state a plausible claim for supervisory liability under Section 1983, Plaintiff must show that the supervisor knew about the alleged conduct and facilitated it, approved it, condoned it or otherwise turned a blind eye to the conduct. *Matthews v. City of East St. Louis*, 675 F. 3d 703, 708 (7th Cir. 2012)(citing *Jones v. City of Chicago*, 856 F. 2d 985, 992-93 (7th Cir. 1988). Plaintiff plainly fails to meet these elements. The only *facts* in Plaintiff's Complaint against Lieutenant Mullenix are: (i) that he approved Plaintiff's arrest (¶ 3); (ii) that he was the approving officer for probable cause for his arrest (¶ 10); and (iii) that he failed to tell Defendants Balles and Coyle that there was no warrant for Plaintiff's arrest (¶ 10).

Plaintiff never disputes that there was no probable cause for his arrest, only that entry was made into his home without a warrant. Therefore, even if Lieutenant Mullenix approved Plaintiff's arrest and/or approved the probable cause for his arrest, these facts are not sufficient to state a claim against him. *See Matthews*, 675 F. at 708. In addition, the remaining allegation against him that he failed to tell Defendants Balles and Coyle that there was no warrant for Plaintiff's arrest does not amount to a constitutional violation. As a result, Plaintiff's supervisor liability claim fails against Lieutenant Mullenix.

3.      At all relevant times Defendants were government officials, namely police officers, who perform discretionary functions. A reasonable police officer, objectively viewing the facts and circumstances that confronted Defendants could have believed his or her actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants are therefore entitled to qualified immunity as a matter of law.

4.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff.

5.      Defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claim(s) unless they individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal liability. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

## JURY DEMAND

Defendants respectfully demand a trial by jury for all issues so triable.

Respectfully submitted,

*/s/ Maria E. Magginas*
Assistant Corporation Counsel
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-8335 (PHONE)
(312) 744-6566 (FAX)
Attorney No. 6313401


Allison Romelfanger, Assistant Corporation Counsel Supervisor
Evan Scott, Assistant Corporation Counsel
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Wakee Felder, | ) | |
| | ) | |
| | ) | Case No. 2019 C 06570 |
| Plaintiff, | ) | |
| | ) | Judge: Martha M. Pacold |
| v. | ) | |
| | ) | Magistrate Judge: Jeffrey T. Gilbert |
| City of Chicago Police Department, | ) | |
| Det. Michael D'ambrosia, Star#20874, | ) | |
| Officer Mallneix, Star#396, | ) | |
| Officer Coyle, Star #8021, | ) | |
| Officer Balles, Star#17137 | ) | |
| | ) | |
| Defendant(s) | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

Wakee Felder
#2017-1213077
P.O. Box 089002
Chicago, IL 60608

     **PLEASE TAKE NOTICE** that on this 31st day of August 2020, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, a copy of which is herewith served upon you.

     I hereby certify that I have served this notice and the attached document by causing it to be delivered by U.S. Mail to the person named above at the address shown this 31st day of August 2020.

                      */s/ Maria E. Magginas*
                      Assistant Corporation Counsel